# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE GURROLA-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1402

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Gurrola-Perez appeals the 80-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Gurrola-Perez challenges the reasonableness of his sentence, arguing that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Specifically, Gurrola-Perez contends that his within-guidelines sentence should not be afforded a presumption of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50710

reasonableness because the illegal reentry Guideline, U.S.S.G. § 2L1.2, lacks an empirical basis and effectively double counts his criminal history by using prior offenses to increase both his criminal history and offense levels; that because his offense was equivalent to an international trespass, the sentence overstates the seriousness of his offense, fails to provide just punishment for that offense, and undermines respect for the law; and that the sentence is greater than necessary to provide adequate deterrence and fails to account for his personal history and circumstances.

We review for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because the sentence was within the correctly calculated guidelines range, it is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Gurrola-Perez concedes that his empirical basis challenge to the presumption of reasonableness is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). This court has also rejected the argument that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet the § 3553(a) goals as a result of any double counting inherent in the Guideline, *see id.*, as well as the argument that illegal reentry is merely an international trespass offense, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

As to Gurrola-Perez's arguments that his sentence was greater than necessary to provide adequate deterrence and that his sentence fails to account for his personal history and circumstances, the record reflects that Gurrola-Perez was given an opportunity to argue mitigating factors at sentencing and that the district court concluded, after consideration of the § 3553(a) factors, that a sentence at the bottom end of the advisory guidelines range was appropriate. Gurrola-Perez had an extensive criminal history, including three illegal entry convictions. Gurrola-Perez also used a number of different

aliases, Social Security numbers, and birthdates.  Given the above, Gurrola-Perez fails to rebut the presumption of reasonableness that attaches to his within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.